**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Patricia Villanueva-Rollo, | No. CV-25-04667-PHX-KML (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner filed a petition under 28 U.S.C. § 2241.[1] (Doc. 1.) The petition alleges petitioner "was apprehended on 5/18/2022 entering the U.S. and was released on parole, on her own recognizance, on 5/19/2022." (Doc. 1 at 1.) Petitioner was subsequently arrested and is currently detained at the Eloy Federal Detention Center. Petitioner argues her parole was not properly revoked and she has been misclassified as an individual subject to mandatory detention under 8 U.S.C. § 1225(b)(2). District courts have split on the latter issue as set forth in *Zepeda v. Noem*, CV-25-4236-PHX-KML (JFM), ECF No. 13 at 2–3 (D. Ariz. Dec. 11, 2025). On December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and the U.S. Immigration and Customs Enforcement were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025).

---

[1] Petitioner also filed an expedited motion for temporary restraining order/preliminary injunction. (Doc. 2.) Because the court is directing respondents to show cause why the petition should not be granted, the court finds petitioner is not entitled to preliminary relief at this juncture. The motion will therefore be denied without prejudice.

Based on existing district court authority and the Seventh Circuit's opinion, respondents must show cause why the petition should not be granted to the extent that petitioner be provided a bond hearing under 8 U.S.C. § 1226.[2] Respondents must also address the factual and legal basis for revoking petitioner's parole, supported by competent evidence showing compliance with all governing statutes and regulations concerning parole.

**IT IS THEREFORE ORDERED**:

1. Petitioner's expedited motion for temporary restraining order/preliminary injunction (Doc. 2) is **denied without prejudice**.

2. Counsel for petitioner must immediately serve the petition upon respondents.

3. If not already issued, the clerk's office must issue any properly completed summonses.

4. The clerk of court must immediately transmit by email a copy of this order and the petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.

5. Respondents must show cause no later than **December 22, 2025** why the petition should not be granted. Petitioner may file a reply no later than **December 23, 2025**. Dated this 17th day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge

---

[2] The petition seeks relief in the form of release from detention and a prohibition on removing petitioner from the United States. (Doc. 1 at 15.) Courts handling similar cases have granted bond hearings, not release. *Quinapanta v. Bondi*, No. 25-CV-795-WMC, 2025 WL 3157867, at *6 (W.D. Wis. Nov. 12, 2025) ("more than 45 district courts have . . . ordered bond hearings").

- 2 -